UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. B-07-372 |
| CPEP, INC, dba PORT FABRICATORS | § | |
| LAMC, INC, dba PORT FABRICATORS | § | |

## NON-PROSECUTION AGREEMENT

COMES NOW the United States of America, by and through its attorneys Donald J. DeGabrielle, Jr, United States Attorney for the Southern District of Texas, and the defendants, CPEP, INC, dba PORT FABRICATORS and LAMC, INC, dba PORT FABRICATORS, ("Port Fabricators"), and their counsel, and state that they have entered into a non-prosecution agreement, hereinafter referred to as "the agreement", the terms and conditions of which are as follows:

1. The defendant, CPEP, Incorporated, doing business as Port Fabricators, with the principle place of business at 20,000 Highway 48, Brownsville, Texas, by the undersigned attorneys, pursuant to authority granted by a corporate resolution, freely enter into this agreement with the United States Attorney's Office for the Southern District of Texas (USAO SDTX). The defendant, LAMC, Incorporated, doing business as Port Fabricators, a Texas corporation with the principle place of business at 20,000 Highway 48, Brownsville, Texas, by the undersigned attorneys, pursuant to authority granted by a corporate resolution, attached hereto as Attachment "B" and "C", freely enter into this agreement with the United States Attorney's Office for the Southern District of Texas (USAO SDTX). Both corporations having the same or complementary interests, hereinafter will be referred to as "Port Fabricators". Both corporations are joint and severally liable for the entirety of this agreement.

2. Port Fabricators accept and acknowledge responsibility for the behavior set forth in the Statement of Facts, attached hereto as Attachment A, and incorporated herein by reference. Port Fabricators agree not to contest the admissibility into evidence of the Statement of Facts in any subsequent criminal proceedings occurring in the event of a breach of this agreement.

3. Port Fabricators expressly agree that they shall not, through their present or future attorneys, management committee, agents, officers, employees, or boards of directors, make any public statement contradicting any statement of fact contained in the Statement of Facts. Any such contradictory public statement by Port Fabricators, their present or future attorneys, management committee, agents, officers, employees or its boards of directors, may constitute a breach of this Agreement as governed by paragraph 14 of this Agreement, and Port Fabricators would thereafter be subject to prosecution pursuant to the terms of this Agreement. The decision of whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to Port Fabricators for the purpose of determining whether Port Fabricators have breached this Agreement shall be at the sole discretion of the USAO SDTX. Should the USAO SDTX decide to notify Port Fabricators of any public statement by any such person that it believes in whole or in part contradicts a statement of fact contained in the Statement of Facts, Port Fabricators may avoid breach of this Agreement by publicly repudiating such statement within 48 hours after such notification. Port Fabricators agree that in the event that future criminal proceedings were to be brought in accordance with Paragraph 14 of this Agreement, Port Fabricators will not contest the admissibility of the Statement of Facts in any such

2

proceedings. The notification contemplated in Paragraphs 3 and 11 shall be satisfied by sending notice by certified mail, return receipt requested, to (1) General Counsel, Port Fabricators, 20,000 Highway 48, Brownsville, Texas 78521, and (2) Attorney John Patrick Smith, 2726 Bissonnet Street, Suite 240-210, Houston, Texas 77005-1352.

4. Consistent with Port Fabricators obligations as set forth above, Port Fabricators shall be permitted to raise and support defenses and/or assert and support affirmative claims in any civil and regulatory proceedings relating to the matters set forth in the Statement of Facts.

5. Port Fabricators agree to cooperate fully with the USAO SDTX, and with any other agency designated by the USAO SDTX, regarding this investigation. Port Fabricators' agreement to cooperate shall extend until the completion of the USAO SDTX's investigation of any criminal activity relating to fraudulent visa and employment practices and any other matters disclosed to the USAO SDTX by Port Fabricators or until the expiration of the period during which this Agreement is in effect, whichever occurs first.

6. Port Fabricators agree that its cooperation, as agreed to in Paragraph 5 above shall include, but is not limited to, the following:

(a) Completely and truthfully disclosing all information as may be requested by the USAO SDTX or the investigating agencies with respect to the activities of Port Fabricators, and its present and former officers, agents, and employees, concerning this investigation;

(b) Using its best effort to assemble, organize, and provide on request from the USAO SDTX, all documents, records, or other tangible evidence in Port Fabricators'

3

possession, custody, or control;

(c) Using its best efforts to make its present and former employees available to provide information and/or testimony as requested by the USAO SDTX, including sworn testimony before a federal grand jury or in federal trials, as well as interviews with federal law enforcement authorities. Cooperation under this paragraph will include identification of witnesses who, to Port Fabricators' knowledge, may have material information regarding the matters under investigation.

7. Within 30 days of the execution of this Agreement, Port Fabricators agrees to pay the Department of Homeland Security the sum of seventy-five thousand dollars ($75,000), and each year of the Agreement, pay an additional seventy-five thousand dollars ($75,000) to the same, until the entire sum of three hundred seventy-five thousand dollars ($375,000) is paid in full. The parties agree that this monetary penalty is appropriate, pursuant to 8 U.S.C. §1324a(e)(5), based on the following factors:

(a) the amount of money paid to Port Fabricators in conjunction with the criminal offenses; the size of the corporations; the amount of pre-indictment remedial measures taken by Port Fabricators; and

(b) by entering and fulfilling the obligations under this Agreement, Port Fabricators has demonstrated recognition and affirmative acceptance of responsibility for the criminal conduct and agreed to continue its cooperation with the USAO SDTX and the law enforcement agencies who investigated said criminal conduct, as outlined in paragraph 10.

8. Port Fabricators agree to continue to comply with all laws, rules and

regulations concerning the hiring of eligible employees, and the use and issuance of visas or other identification documents. Any evidence of further violations of these laws, rules or regulations may constitute a material breach of this Agreement, subject to the requirements of paragraph 14.

9. Port Fabricators agree to allow agents with Immigration and Customs Enforcement (ICE) and Social Security Administration, Office of Inspector General (SSA OIG) to conduct random audits of business records to ensure compliance. The timing and procedures for these random audits will be reasonable in their scope and manner, as determined by the USAO SDTX.

10. In light of Port Fabricators' remedial actions to date and their willingness to: (i) acknowledge responsibility for their behavior; (ii) continue their cooperation with the USAO SDTX, and other law enforcement and governmental regulatory agencies; (iii) demonstrate their future good conduct and full compliance with United States visa and immigration laws and regulations and employment eligibility verification requirements; and (iv) consent to payment of the monetary penalty and sum as set out in Paragraph 7 above, the USAO SDTX shall dismiss the pending indictment against Port Fabricators and defer any prosecution of Port Fabricators related to the criminal conduct as set out in the Statement of Facts. This agreement also prevents any civil, administrative, or regulatory proceeding or penalty arising from the conduct as set out in the Statement of Facts.

11. Port Fabricators accept and acknowledge that, if they breech the terms and conditions of this agreement, as governed by paragraph 14, the USAO SDTX may refile criminal charges in the United States District Court of the Southern District of Texas

charging the defendants with conspiracy and substantive charges of violations of U.S. visa and employment laws, specifically, Title 18, U.S.C., §§ 371, 1028, and 1546, as well as Title 8, U.S.C., § 1324, as related in the Statement of Facts.

12. The USAO SDTX agrees that if Port Fabricators is in full compliance with all of their obligations under this Agreement for four (4) years from the date of this Agreement, this Agreement shall expire and no prosecution arising from this investigation shall ensue. This agreement may expire before its term upon full payment of the monetary penalty and by agreement with the USAO SDTX.

13. Except in the event of a breach of this Agreement, all prosecutions as well as all civil, administrative and regulatory proceedings relating to the matters set forth in the Statement of Facts that have been, or could have been, conducted by the USAO SDTX prior to the date of this Agreement, shall not be pursued further as to Port Fabricators, and their respective predecessors, successors and assigns, management committee, agents, officers, employees, or boards of directors. The signatories to this Agreement represent that they are aware of no other investigations relating to Port Fabricators's unlawful visa practices as described in the Statement of Facts or to any criminal activities arising from such unlawful visa practices as of the signing of this Agreement.

14. Should the USAO SDTX determine that Port Fabricators has committed a willful and knowingly material breach of any provision of this Agreement, the USAO SDTX shall provide written notice to Port Fabricators of the alleged breach and provide Port Fabricators with a two-week period in which to request an opportunity to demonstrate to the USAO SDTX that no breach has occurred, or, to the extent

applicable, that the breach is not willful or knowingly material or has been cured. The parties hereto expressly understand and agree that should Port Fabricators fail to request a meeting with the USAO SDTX within a two-week period, it shall be conclusively presumed that Port Fabricators is in willful and material breach of this Agreement. The parties further understand and agree that the USAO SDTX's exercise of discretion under this paragraph is not subject to review in any court or tribunal. In the event of a breach of this Agreement that results in a prosecution of Port Fabricators, such prosecution may be premised upon any information provided by or on behalf of Port Fabricators to the USAO SDTX or other government agency at any time, unless otherwise agreed when the information was provided.

15. Port Fabricators shall expressly waive all rights to a speedy trial of proceedings arising out of this investigation pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Southern District of Texas for the period that this Agreement is in effect.

16. In the event of a willful and knowing material breach of this Agreement, any prosecution, as well as any civil, administrative, or regulatory proceeding, of Port Fabricators relating to fraudulent visa practices or any crime arising the conduct as set out in the Factual Summary that is not time-barred by the applicable statute of limitations as of the date of this Agreement may be commenced against Port Fabricators notwithstanding the expiration of any applicable statute of limitations during the deferred prosecution period and up to the determination of any such willful and knowingly material breach. Port Fabricators knowingly and voluntarily waives the

statute of limitations, as stated above, in express reliance on the advice of counsel.

17. Port Fabricators agrees that, if during the period this Agreement is in effect, they sell or merge all or substantially all of their business operations as they exist as of the date of this Agreement to or into a single purchaser or group of affiliated purchasers during the term of this Agreement, they shall include in any contract for sale or merger a provision binding the purchaser/successor to the obligations described herein.

18. It is understood that this Agreement is binding on Port Fabricators, their parent companies, subsidiaries, related entities, affiliates and divisions and their respective predecessors, successors and assigns, the USAO SDTX, and the governmental agencies involved in this investigation, but specifically does not bind any other federal agency, or any state or local law enforcement or licensing authority. Should a federal agency, or state or local law enforcement or licensing authority seek to bring an action against Port Fabricators related to the facts of this investigation, the USAO SDTX will bring the cooperation of Port Fabricators and their compliance with the other obligations under this Agreement to the attention of that agency or authority, if requested by Port Fabricators or their attorneys.

19. Port Fabricators and the USAO SDTX agree that the existence of this Agreement and the Statement of Facts may be publicly disclosed.

20. This Agreement sets forth all the terms of the agreement between Port Fabricators and the USAO SDTX. No modifications or additions to this Agreement shall be valid unless they are in writing and signed by the USAO SDTX, and Port Fabricators's attorneys, John Patrick Smith, Eric Reed, or Benigno "Trey" Martinez.

**On Behalf of the United States Attorney's Office:**

*[signature]*

Donald J. DeGabrielle, Jr.
United States Attorney
Southern District of Texas

Date: 11.30.07

**On Behalf of Department of Homeland Security:**

*[signature]*

Flavio Escobar
Assistant Chief Counsel

Date: 11-27-07

**On Behalf of Port Fabricators:**

*[signature]*

John Patrick Smith

*[signature]*

Eric Reed

*[signature]*

Benigno "Trey" Martinez
Counsels for Port Fabricators

Date: 11-27-07

9

## CERTIFICATE OF COUNSEL

I am counsel for LAMC, INC doing business as Port Fabricators and CPEP, INC doing business as Port Fabricators, both hereinafter referred to as "Port Fabricators" in the matter covered by this Agreement. In connection with such representation, I have examined relevant documents and have discussed this Agreement with the Boards of Directors who have authorized me to represent both corporations in this criminal matter. Both corporations have the same and complementary interests regarding this investigation and its resolution. Based on my review of the foregoing materials and discussions, I am of the opinion that: Port Fabricators Boards of Directors have duly authorized me to enter into this Agreement on their behalf; this Agreement has been duly and validly authorized, executed and delivered on behalf of Port Fabricators; and is a valid and binding obligation of Port Fabricators. Further, I have carefully reviewed this Agreement with the Boards of Directors of Port Fabricators. I have fully advised them of Port Fabricators' rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, Port Fabricators' decision to enter into this Agreement is an informed and voluntary one.

_____
John Patrick Smith
counsel for Port Fabricators

_____
Eric Reed
counsel for Port Fabricators

_____
Benigno "Trey" Martinez
counsel for Port Fabricators